**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL WILLIAM KOCH, | : | Case No. 4:16-CV-1553 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| FEDERAL PUBLIC DEFENDER'S | : | |
| OFFICE, TACOMA, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

November 28, 2016

Before the Court for disposition is Chief Magistrate Judge Martin C.

Carlson's Report and Recommendation.[1]  In this Report, Magistrate Judge Carlson

addressed a pending Motion for Leave to Proceed *in forma pauperis* and conducted

a preliminary review of this *pro se* complaint pursuant to 28 U.S.C. § 1915A.

Chief Magistrate Judge Carlson ultimately recommended the dismissal or transfer

of Plaintiff's underlying complaint.  Having reviewed both the Report and

Recommendation and Plaintiff's objections, the Court will adopt the

recommendation of Chief Magistrate Judge Carlson and dismiss Plaintiff's claim

for failure to state a claim upon which relief can be granted.

---

[1]  Also before the Court is Plaintiff's Motion to Stay Proceedings pending his transfer from USP-Lewisburg in Pennsylvania to USP-Florence in Colorado.  On October 19, 2016, Plaintiff filed a Notice of Change of Address informing the Court of his new address.  Because this Notice evidences the completion of Plaintiff's transfer, this Motion to Stay will be denied as moot.

1

## I.   BACKGROUND

On July 27, 2016, Plaintiff Michael William Koch filed a Complaint seeking a writ of mandamus to compel Defendant Federal Public Defender's Office, Tacoma, Washington to comply with his Freedom of Information Act Request.[2] Plaintiff had filed this request on June 16, 2016 and specifically sought evidence relating to the 2003 prosecution and conviction through which he became incarcerated.[3]  Plaintiff contemporaneously filed with his Complaint a Motion for Leave to Proceed *in forma pauperis*.[4]  Chief Magistrate Judge Carlson thereafter prepared a Report and Recommendation which granted Plaintiff's Motion for Leave to Proceed i*n forma pauperis*, but advised that this Court dismiss or transfer the underlying Complaint.[5]

In Chief Magistrate Judge Carlson's Report and Recommendation, he properly conducted a preliminary review of Plaintiff's *pro se*, *in forma pauperis* complaint against a governmental entity.[6]  Chief Magistrate Judge Carlson found that Plaintiff had failed to state a claim upon which relief can be granted.

---

[2]  Compl. (ECF No. 1) ¶ 3, at 4.

[3]  Id. at 4.

[4]  ECF No. 3.

[5]  Report and Recommendation ("Report") (ECF No. 6), at 2.

[6]  See 28 U.S.C. § 1915(e)(2)(B)(iii); 28 U.S.C. § 1915A.

Specifically, Plaintiff's request for the "extraordinary remedy" of a writ of mandamus failed because (1) courts have rarely granted mandamus requests directed toward the Department of Justice where decisions often entail significant exercises of discretion by the Justice Department;[7] (2) courts have repeatedly rebuffed efforts to use mandamus to compel action on the FOIA requests;[8] (3) FOIA is not applicable to a private indigent criminal organization such as the Federal Public Defender's Office;[9] and (4) Plaintiff has failed to exhaust his administrative appeals under FOIA.[10]

Plaintiff filed Objections to this Report and Recommendation on August 22, 2016, bringing the case to its present posture.[11]

## II.   ANALYSIS

The Court has reviewed the Report and Recommendation and agrees with its ultimate conclusion.  Plaintiff's complaint seeking a writ of mandamus will therefore be dismissed in accordance with the reasoning as detailed more fully in the Report and Recommendation.

---

[7]  Report, at 10–11.

[8]  Id. at 12.

[9]  Id.

[10]  Id. at 13.

[11]  ECF No. 10.

At the outset, I note the standard of review given to a Report and Recommendations prepared by a magistrate judge.  Specifically, when objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[12]  Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[13]  For portions of the Report and Recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[14]  Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[15]

In accord with the above stated legal standard, I have reviewed Chief Magistrate Judge Carlson's Report and Recommendation and am satisfied that, on its face, it contains no clear error.  Furthermore, because Plaintiff has filed

[12]  28 U.S.C. 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).

[13]  Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

[14]  Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).

[15]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

Objections, I am compelled to review *de novo* those portions of the Report to which he objects.  As explained more fully below, these objections do not in any way alter the sound conclusions of the Report and Recommendation.

First, as a preliminary matter, I note the demanding standard against which requests for a writ of mandamus are issued.  A writ of mandamus is a "drastic remedy" with demanding legal standards.[16]  To justify the issuance of such a writ, a petitioner must show (1) a clear and indisputable right to the writ and (2) that he has no other adequate means to obtain the relief desired.[17]  Mandamus is therefore unavailable unless a petitioner demonstrates that "(1) he has a clear right to the relief sought, (2) Respondent has a clear duty to perform, and (3) no other adequate remedy is available."[18]

As previously delineated, Chief Magistrate Judge Carlson's Report and Recommendation noted four specific reasons why Plaintiff's petition for writ of mandamus must be dismissed.  These reasons demonstrate that Plaintiff does not have a clear indisputable right to relief, and I agree that they foreclose Plaintiff's entitlement to a writ of mandamus.  In his objections, Plaintiff does not appear to

---

[16]  In re Diet Drugs Products Liability Litigation, 418 F.3d 372, 378 (3d Cir. 2005).

[17]  Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992)(citing Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976)).

[18]  Jimenez v. Holt, Civil Action No. No. 3:07-CV-01304, 2007 WL 2245895 at *2 (M.D.Pa. Aug. 2, 2007)(Caputo, J.) (citing Brow v. United States Dist. Court, 121 F.App'x. 443, 444 (3d Cir. 2005)).

contest this finding or outline potential errors of law, but rather attempts to rescue a flawed complaint from dismissal by making various erroneous procedural arguments.

In his most cogent objection, Plaintiff asks this Court for leave to amend his pleading as a more appropriate action.[19]  Federal Rule of Civil Procedure 15, however, cannot save this claim.  In Green v. Robinson, the Honorable Michael Chertoff of the United States Court of Appeals for the Third Circuit specifically addressed the interplay between the Prison Litigation Reform Act and Federal Rule of Civil Procedure 15.[20]  Judge Chertoff stated:

> Under the PLRA, a district court "shall dismiss the case at any time if the court determines that ... the action ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Prior to dismissal, though, "the court must inform the plaintiff that he has leave to amend within a set period of time, **unless amendment would be inequitable or futile**." (citations omitted).[21]

In the matter at hand, granting Plaintiff leave to amend would be futile.  Chief Magistrate Judge Carlson outlined numerous legal and procedural reasons why Plaintiff's complaint fails to state a claim upon which relief can be granted and

---

[19]  See Objections (ECF No. 10), at 2–3.

[20]  112 F.App'x. 165 (3d Cir. 2004).

[21]  Id. at 168 (emphasis added).

thus should be dismissed.  These deficiencies cannot be corrected through amendment to the complaint.

In his second objection, Plaintiff asks this Court to *sua sponte* recharacterize his entire complaint as an action brought under 28 U.S.C. § 1331.[22]  Chief Magistrate Judge Carlson correctly explained within his Report and Recommendation that FOIA—the statute under which Plaintiff made his original request—does not apply to the Federal Public Defender's Office.[23]  Therefore, because FOIA is the statute under which Plaintiff made his initial document request, re-characterization of his complaint under this inapplicable statute would be both futile and against well-developed case law.

Plaintiff's remaining objections (1) baselessly question Chief Magistrate Judge Carlson's impartiality;[24] (2) take issue with Respondent's lack of response (despite FOIA's inapplicability to the Federal Public Defender's Office); and (3) erroneously cite diversity jurisdiction.[25]  Upon *de novo* review, I find these arguments to be wholly meritless and, in the interest of conserving judicial

---

[22]  Objections, at 2.

[23]  See Report at 12–13 (citing United States v. Casas, 376 F.3d 20 (1st Cir. 2004) & Banks v. Dep't of Justice, 538 F.Supp.2d 228, 231 (D.D.C. 2008)).

[24]  Contrary to Plaintiff's arguments, the conclusions reached within Chief Magistrate Judge Carlson's Report and Recommendation were properly made pursuant to PLRA screening provisions, codified at 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A.

[25]  Objections, at 3–4.

resources, I will refrain from more fully addressing them.  In so doing, I will adopt in totality the well-reasoned conclusions of the Report and Recommendation.

## III.    CONCLUSION

Based on the above analysis, I will adopt in its entirety Chief Magistrate Judge Carlson's Report and Recommendation.  Plaintiff's Complaint, or Petition for a Writ of Mandamus, will be dismissed.

An appropriate Order follows.

BY THE COURT:


    s/ Matthew W. Brann
Matthew W. Brann
United States District Judge